UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INGRUM ANTHONEY BROWN | ) | CASE NO. 5:25-cv-1255 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| GOVERNOR MIKE DEWINE, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

In this fee-paid civil rights action, *pro se* plaintiff Ingrum Anthoney Brown ("Brown") brings suit against defendants Ohio Governor Mike DeWine; Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Rick Polinari, "PO Supervisor"; and R. Jason N. Especa. (Doc. No. 1 (Complaint).) Because Brown cannot use 42 U.SC. § 1983 to challenge the legality or duration of his post-release control, the Court dismisses the action for want of jurisdiction.

I. BACKGROUND

Brown's complaint contains very few facts. As best the Court can discern, on February 22, 2022, Brown was released from state custody and placed on post-release control for a period of five years (or 1825 days). (Doc. No. 1, at 4[1] (Section III).) Brown avers that the official website

---

[1] All page number references to the record herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

of the ODRC, however, reflected that his period of post-release control should only have been two years. (*Id.*) He insists that he has needlessly served additional time on post-release control, resulting in inconvenience and unfair restrictions on his ability to travel within and outside the State of Ohio. (*Id.*) He also claims that, at some point after he served two years on post-release control, he was incarcerated in the Stark County Jail. (*Id.*)

Brown asks the Court to release him from his post-release control. (*Id.* (Section IV).) He also seeks an award of $1,000,000.00 in actual damages and $1,000,000.00 in punitive damages. (*Id.*)

## II. DISCUSSION

### A. Standard of Review

*Pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), but the lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). To avoid dismissal, even *pro se* pleadings must meet basic federal pleading requirements and set forth allegations sufficient to state a plausible claim for relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted).

Because district courts have limited jurisdiction, a district court may *sua sponte* dismiss a complaint at any time pursuant Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (finding plaintiff's claim lacked "the legal plausibility necessary to invoke federal subject

matter jurisdiction" (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974))). Faced with such a pleading, the district court may dismiss a fee-paid complaint and "need not afford the plaintiff an opportunity to amend[.]" *Forbush v. Zaleski*, 20 F. App'x 481, 482 (6th Cir. 2001) (upholding *sua sponte* dismissal of a complaint under *Apple v. Glenn* for want of jurisdiction (citing *Hagans*, 415 U.S. at 536–37)); *see also Zareck v. Corr. Corp. of Am.*, 809 F. App'x 303, 305 (6th Cir. 2020) (recognizing *sua sponte* dismissal is appropriate where a plaintiff's claims "present no Article III case because there is no room for the inference that the question[s] sought to be raised can be the subject of controversy" (citation omitted)).

### B. Analysis

Brown's complaint warrants *sua sponte* dismissal under *Apple v. Glenn* because he cannot obtain the relief he seeks in a civil rights action. Where a person in state custody challenges the validity of a criminal sentence, and the relief he seeks is his immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Post-release control in Ohio is part of a judicially imposed sentence, and individuals subject to post-release control are "in custody" for purposes of the habeas corpus statute. *See, e.g., In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016). Accordingly, to the extent Brown seeks "immediate release" from state custody (i.e. post-release control), his sole federal remedy is a writ of habeas corpus. He cannot alternatively obtain this relief through a federal civil rights action under § 1983. *See Preiser*, 411 U.S. at 500; *Pierce v. Yost*, No. 1:20-cv-1090, 2020 WL 4043102, at *1 (N.D. Ohio July 17, 2020) (dismissing, under *Apple v. Glenn*, § 1983 civil rights action challenging post-release control portion of plaintiff's sentence); *see, e.g., Thoerig v. Lightfoot*, No. 5:22-cv-1565, 2022 WL 17067463, at *3 (N.D. Ohio Nov. 17, 2022)

("Because [plaintiff] is challenging the post release control portion of his sentence and is seeking to have that portion of his sentence terminated, his sole remedy is a writ of habeas corpus."); *Williams v. Ohio*, No. 1:21-cv-1018, 2021 WL 4060383, at *2 (N.D. Ohio Sept. 7, 2021) ("To the extent Plaintiff seeks release from the post release control portion of his sentence, he cannot proceed with a civil rights action. When the Plaintiff is essentially challenging the validity of his sentence, his sole remedy is habeas corpus." (citing *Preiser*, 411 U.S. at 500).

Additionally, a damages action under § 1983 arising out of an unlawful sentence is not cognizable unless and until a plaintiff shows that the challenged sentence has already "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). *Heck* is applicable to parole revocation decisions and sanctions involving incarceration for post-release control violations. *See Lathan v. United States*, No. 3:18-cv-2115, 2019 WL 857962, at *4 (N.D. Ohio Feb. 22, 2019) (applying *Heck* to post-release control sanctions). Nothing in Brown's complaint suggests that his state sentence, including his term of post-release control, has been overturned or invalidated in any of the ways articulated in *Heck*. In fact, it is clear from his complaint that Brown is still subject to a term of post-release control. His request for damages, therefore, must also be dismissed. *See Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486–87).

### III. CONCLUSION

Accordingly, the Court dismisses this action pursuant to its authority established in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 22, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**